COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-100-CR

 

 

JOHN KENWORTHY STEVENSON                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant John Kenworthy
Stevenson of DWIBfelony repetition, found the
habitual offender allegations true, and assessed his punishment at fifty years=
confinement.  The trial court sentenced
him accordingly.  In three points,
Appellant contends that the evidence is legally and factually insufficient to
support the conviction and that the sentence violates the doctrine of
proportionality and is therefore cruel and unusual punishment.  Because we hold that the evidence is legally
and factually sufficient and that Appellant=s
sentence is not disproportionate or cruel and unusual, we affirm the trial
court=s
judgment.

In his first two points, Appellant contends that
the evidence is legally and factually insufficient to support his conviction
because the evidence is legally and factually insufficient to show that he was
operating a motor vehicle.  He does not
otherwise challenge the conviction.








Officer J.D. Collins testified that at around
9:30 p.m. on July 13, 2006, he was at Cici=s Pizza
directly south of Kentucky Fried Chicken (KFC) on Beach Street in Fort Worth
when he received a report that a older model Dodge pickup had been traveling north
on Beach Street and was being driven erratically.  Almost instantaneously, he saw a pickup truck
matching the description traveling northbound on Beach Street.  He then saw it enter the KFC parking lot and
park in a handicapped spot.  Officer
Collins testified that only one person, the driver, was in the cab of the
pickup and that he never saw a passenger or anyone else near the vehicle except
the driver.  Officer Collins testified
that he saw the driver exit the pickup from the driver=s side,
walk up the sidewalk, staggering, and go to the front door of the KFC.  The driver pulled on the front door, realized
that it was locked, and walked back to the pickup.  Officer Collins testified that the driver
tripped and almost fell and was having a hard time walking.  Officer Collins testified that he got a good
look at the driver when the driver drove into the KFC lot and when he got out
of the pickup.  At court, Officer Collins
identified Appellant as the driver and reiterated that he had seen Appellant
operating the pickup and that the pickup is a motor vehicle.

To support his first two points, Appellant relies
on the absence of evidence from the other witnesses that he was driving the
pickup and his own testimony that someone else was driving it.  The jury is the sole judge of the weight and
credibility of the evidence.[2]  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the jury.[3]  Accordingly, based on the applicable standard
of review,[4]
we hold that the evidence is legally sufficient to support Appellant=s
conviction.  We overrule his first point.








Similarly, when performing a factual sufficiency
review, we may not simply substitute our judgment for the jury=s.[5]  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@[6]  Thus, we must give due deference to the jury=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@[7]  Accordingly, based on the applicable standard
of review,[8]
we hold that the evidence is factually sufficient to support the
conviction.  We overrule Appellant=s second
point.








In his third point, focusing only on the DWI
event that generated his arrest in this matter, Appellant contends that his
fifty-year sentence violates the doctrine of proportionality and is cruel and
unusual punishment.  He has presented
nothing to show comparative sentences for felony DWI or why his sentence is
disproportionate.  The evidence shows
that Appellant had at least six prior DWIs and a handful of other misdemeanor
convictions.  Counting his current
conviction, his DWI offenses span twenty-seven years.  Appellant has gone to the penitentiary three
times for his three prior felony DWI offenses, but his longest stay in the
penitentiary before his current sentence was only eighteen months.  Because he had two prior felonies, Appellant
faced a range of punishment in this case from twenty-five years to ninety-nine
years or life.[9]  Based on all the evidence, we cannot say that
Appellant=s sentence is disproportionate
or that it amounts to cruel and unusual punishment.  We therefore overrule his third point.

 

 

 

 

 

 

 








Having overruled Appellant=s three
points, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON,
J.

CAYCE, C.J. concurs without opinion.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  January 10, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000).





[3]Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1131 (2000).





[4]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton
v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing legal
sufficiency standard of review).





[5]Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997).





[6]Johnson, 23
S.W.3d at 8.





[7]Id. at 9.





[8]Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d
795, 799 (Tex. Crim. App. 2005); Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003); Johnson, 23 S.W.3d at 11 (all providing factual
sufficiency standard of review).





[9]See Tex. Penal Code Ann. ''
12.42(d), 49.09(b)(2) (Vernon Supp. 2007).